UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANE DION and 91934885 QUEBEC, INC., d/b/a DION DESIGNS, Plaintiffs, vs. ALLWIN POWERSPORTS CORPORATION, INC., ARTHUR LIAO, MHR HELMET CO. LTD., FOSHAN SHUNDE FENGXING HELMETS LTD., and JIANGMEN PENGCHENG HELMETS LTD., Defendants. | 1:11-cv-173-RLY-TAB |

**ENTRY ON PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON MOTION FOR PRELIMINARY INJUNCTION**

On February 4, 2011, Plaintiffs, Stephane Dion ("Dion") and 91934885 Quebec, Inc., d/b/a Dion Designs ("Dion Designs") (collectively "Plaintiffs"), filed a motion for preliminary injunction prohibiting defendant, Allwin Powersports Corporation, Inc. ("Allwin"), from displaying, promoting, or marketing certain specific models of motorcycle helmets at a "Dealer Expo" event scheduled to occur in Indianapolis on February 18-20, 2011. On February 14, 2011, the Magistrate Judge denied Plaintiffs' motion, finding that the dispute amongst the parties was primarily a contract dispute, for which there is an adequate remedy at law. Given the expedited nature of this proceeding,

1

the Magistrate Judge issued his findings and conclusions on the record at the conclusion of the hearing, and issued a short Report and Recommendation reflecting his ruling. (*See* Docket # 25, Report and Recommendation; Docket # 25, Ex. 1, Transcript of the Ruling ("Ruling")). On February 15, 2011, Plaintiffs' filed the present objection to the Magistrate Judge's recommendation. Plaintiffs do not contest the Magistrate Judge's recitation of the facts of the case; however, they do take issue with the Magistrate Judge's assessment of Plaintiffs' case as essentially a contract dispute, with little discussion of the copyright infringement, Lanham Act, and trade secrets claims raised in Plaintiffs' Verified Complaint.

## I. Factual Background

Defendants, Foshan Shunde Fengxing Helmets, Ltd. and Jiangmen Pengcheng Helmets Ltd., are helmet manufacturers that have common majority ownership, and are commonly controlled by Haotian or "Arthur" Liao ("Liao"). (Docket # 1, Complaint ¶¶ 8-10). They are referred to jointly in the Complaint as "MHR."

Dion is an established and talented designer of motorcycle helmets. (Ruling at 4). He does business out of his studio and workshop in Quebec. (*Id.*). In 2005, he entered into an arrangement with a helmet manufacturer in China, Foshan Shunde Fengxing Helmets, Ltd. ("Foshan"), and its principal, Liao. (*Id.*; *see also* Complaint ¶ 18). The agreement provided for Dion Designs to provide helmet designs to MHR in exchange for a commission of 50 cents for each helmet sold for a period of four years. (Ruling at 4-5; *see also* Complaint ¶ 19).

Around 2009, Liao discussed plans with Dion to enter the United States market through an affiliated business, and asked him to create new designs for a line of "LS2" helmets. (Ruling at 5). Over a period of several months, Dion then created the new designs at the studio and workshop in Quebec. (*Id.*). He provided the new designs to Liao around March 2010, in the form of drawings, a physical prototype, and a 3D computer rendering. (*Id.*). Shortly before then, Allwin was incorporated in Illinois. Shortly after Dion delivered the new designs, Liao terminated the business relationship. (*Id.*). Dion did not receive any further commissions or royalties, and did not authorize, agree, or license Liao or any affiliate entity to use the designs. (*Id.*).

At a November 2010 trade show in Milan, Italy, a line of helmets utilizing Dion's new designs was introduced by an affiliate of the Chinese manufacturer. (*Id.* at 6). Upon learning his designs were being used, Dion investigated and found Allwin was planning to introduce the new helmet line in the United States, specifically at the Dealer Expo event in Indianapolis, Indiana, on February 18-20, 2011. (*Id.*). He consulted an attorney in Montreal, then sought out counsel in Indianapolis, leading to a meeting in January 2011 and the filing of this action on February 4, 2011. (*Id.*).

Plaintiffs' Verified Complaint consists of seven counts: Count I, false designation of origin under the Lanham Act; Count II, copyright infringement; Count III, misappropriation of trade secrets; Count IV, breach of contract; Count V, conversion, and Count VI, unfair competition. (Count VIII seeks declaratory relief).

3

## II. Preliminary Injunction Standard

A party seeking to obtain a preliminary injunction must demonstrate the following threshold requirements: (1) some likelihood of success on the merits; (2) irreparable harm if the injunction is not issued; and (3) no adequate remedy at law. *Girl Scouts of Manitou v. Girl Scouts, Am.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citing *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). If the court finds that the moving party failed to establish any one of these threshold requirements, it must deny the injunction. *Id*. If, however, the court finds that the moving party has established all three threshold requirements, the court must then "'balance the nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the injunction is granted, and the wild card that is the 'public interest.'" *Id*. (quoting *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1433 (7th Cir. 1986)).

## III. The Magistrate Judge's Ruling

The Magistrate Judge found that there was "no evidence presented of any copyrights owned by Plaintiffs, no evidence presented with respect to copyright registrations, no evidence presented of unfair competition, etc." and reasoned that "we have at best . . . a breach of contract claim." (Ruling at 7). The Magistrate Judge found that: (1) the likelihood of success of Plaintiffs' intellectual property/trade secret claims is "very low"; (2) the irreparable harm to the Plaintiffs if the injunction is not issued weighs slightly in Plaintiffs' favor; and (3) Plaintiffs have an adequate remedy at law. (*Id*. at 9-10). In reaching that conclusion, the Magistrate Judge noted that the parties' past history,

as testified to by Dion, provided a baseline for determining damages in this case. (*Id*. at 10). For example, Dion had received 50 cents per helmet under the contract he had with Liao for approximately four years, and had received royalty payments worth approximately $350,000. (*Id*.). Finally, the Magistrate Judge found that Allwin stood to lose "substantially" if the preliminary injunction issued, noting that Allwin has expended $130,000 in costs related to the trade show, and expects to reap $187,000 in new sales emanating from the trade show. (*Id*. at 11).

## IV. Standard of Review

The court's review of the Magistrate Judge's report and recommendation, in light of the objections raised by the Plaintiffs, is *de novo*. 28 U.S.C. § 636.

## V. Legal Analysis

Plaintiffs only challenge the Magistrate Judge's assessment of their Lanham Act, copyright infringement, and trade secrets claims. Accordingly, the court will not discuss the likelihood of success of all seven of Plaintiffs' claims asserted in his Verified Complaint.

### A. Reasonable Likelihood of Success on the Merits

#### 1. Lanham Act Claim

Section 43(a) of the Lanham Act provides that

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation . . . of such person with another person, or as to the origin, sponsorship, or approval of

5

his or her goods, . . . shall be liable in a civil action . . . .

15 U.S.C. § 1125(a)(1). Plaintiff contends that the "defendants misappropriated the new designs and presented them as their own." (Plaintiffs' Objection at 6). It thus appears that Plaintiffs are bringing a claim for trade dress infringement.

"To prevail on its action for trade dress infringement under § 43(a), a plaintiff must establish (1) that its trade dress has either acquired secondary meaning or is inherently distinctive and (2) that the similarity of the defendant's trade dress to that of the plaintiff causes a likelihood of consumer confusion as to the source or affiliation of the products." *Dorr-Oliver, Inc. v. Fluid-Quip, Inc*. 94 F.3d 376, 380 (1996) (citations omitted). For a product design to acquire "secondary meaning," there must be some evidence "that consumers understand the design *elements* to signify the goods' *origin* and not just its attributes." *Bretford Mfg. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 579 (7th Cir. 2005) (emphasis in original). The evidence in the record is not sufficiently developed at this time to show that the Plaintiffs' helmet designs have acquired secondary meaning or are inherently distinctive. Accordingly, the court finds, for purposes of this motion, that the Plaintiffs' have not shown a reasonable likelihood of success on their Lanham Act claim.

### 2. Copyright Infringement

In order to establish copyright infringement, the moving party must establish two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *JCW Inv., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir.

2007) (quoting *Feist Publ., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Although "[c]ompliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection," it "is a prerequisite to suing for infringement." *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009).

Here, Plaintiffs allege that Dion Designs "submitted applications to the United States Copyright Office for registration and copyright protection on the original design features of the helmets" at issue. (Complaint ¶ 45; *see also* Docket # 29, Transcript of Hearing at 52). There is no persuasive evidence on the record, however, as to whether a registration has been made in accordance with the statute.

Moreover, the court is not convinced that Plaintiffs' helmet designs are subject to copyright protection. The Copyright Act excludes useful articles, such as helmets, from copyright protection. *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1012 (7th Cir. 2005). ("Useful articles and functional elements are also excluded from copyright protection.").

Accordingly, for purposes of this motion, the court finds that Plaintiffs have not shown a reasonable likelihood of success on their copyright infringement claim.

### 3. Misappropriation of Trade Secrets Claim

It is axiomatic that to prevail on a claim for misappropriation of a trade secret, the moving party must identify that trade secret at issue. *Patriot Homes, Inc. v. Forest River Housing, Inc.*, 512 F.3d 412, 415 (7th Cir. 2008) (vacating preliminary injunction on grounds that "the district court did not specify what information is a trade secret").

7

Plaintiffs have not identified what the trade secret is, nor explained how the sale or offer for sale of the accused helmets misappropriates it. Accordingly, the court finds that Plaintiffs have not shown a reasonable likelihood of success on their misappropriation of trade secrets claim.

### 4. Breach of Contract Claim

"The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Rice v. Hulsey*, 829 N.E.2d 87, 89 (Ind. Ct. App. 2005).

Plaintiffs alleges that Dion had a contract with MHR for a period of four years (August 2005-August 2009), wherein MHR paid him 50 cents for helmets based on the designs created by him. (Complaint ¶ 24). Plaintiffs also allege that the parties had an oral agreement, whereby MHR paid Dion "monthly payments as compensation for work provided to MHR beyond the creation of his designs, including education and training of MHR's technical staff. (*Id*. ¶ 25). Thereafter, the parties continued their business relationship on the same terms. (*Id*. ¶ 26). At Liao's request, Plaintiffs developed new designs for the North American line, and delivered those designs to Liao. (*Id*. ¶¶ 28-30). Allwin was incorporated in Illinois in February 2010. (*Id*. 34; Plaintiffs' Ex. 7). Shortly thereafter, Liao terminated the business relationship in roughly April 2010. (Complaint ¶ 31). Plaintiff alleges that Allwin is using these designs for its new American line. (*Id*. ¶ 35). Based on the present record, the court finds that Dion has some likelihood of success on the merits. The court will not comment on Defendants' Exhibit 4, a contract between

Liao and Dion dated April 15, 2009, as the court does not have enough facts before it to determine how it will/may affect Plaintiffs' claim.

### B.  Irreparable Harm and Adequate Remedy at Law

The court agrees with the Magistrate Judge that although the denial of the preliminary injunction may cause harm to the Plaintiffs, the Plaintiffs do have an adequate remedy at law; that being, money damages.  There is support in the record that from 2005-April 2010, Liao, on behalf of MHR, timely paid Plaintiffs for Dion's design work and other services.   In addition, Allwin paid $2 million dollars for a facility in Chicago, and there is no evidence in the record that Allwin would be unable to pay a judgment in favor of the Plaintiffs were they to prevail.  (Ruling at 11).

In addition, the harm to Allwin were the court to grant the injunction would be substantial.  The evidence presented showed that Allwin stands to lose roughly $300,000 if not permitted to display its items at the Dealer Expo event in Indianapolis.

Accordingly, the court finds that Plaintiffs are not entitled to a preliminary injunction.

## VI. Conclusion

For the reasons set forth above, the court **OVERRULES** the Plaintiffs' objections (Docket # 26) and **ACCEPTS** the Magistrate Judge's Report and Recommendation.

**SO ORDERED** this  17th  day of February 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Charles C. Kinne
KINNE IP GROUP
ckinne@kinnelaw.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Todd Arthur Richardson
LEWIS & KAPPES
trichardson@lewis-kappes.com

Joseph Peter Rompala
LEWIS & KAPPES
jrompala@lewis-kappes.com