IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Stephane Dion and** ) | |
| **91934885 Quebec, Inc., d/b/a** ) | |
| **Dion Designs,** ) | |
|         Plaintiffs, ) | |
|     v. ) | |
| ) | |
| **Allwin Powersports Corporation, Inc.,** ) | Civil Action No. 1:11-cv-0173-RLY-TAB |
| **Arthur Liao,** ) | |
| **MHR Helmet Co. Ltd.,** ) | |
| **Foshan Shunde Fengxing Helmets Ltd., and** ) | |
| **Jiangmen Pengcheng Helmets Ltd.,** ) | |
| ) | |
|         Defendants. ) | |

## ALLWIN POWERSPORT'S MOTION
## TO DISMISS PURSUANT TO RULE 12(B)(6) OR, IN THE ALTERNATIVE,
## TO TRANSFER ACTION PURSUANT TO 28 U.S.C. § 1404(A)

Defendant Allwin Powersports Corporation, Inc. ("Allwin") hereby moves to Dismiss the Complaint Against Allwin Pursuant to Rule 12(b)(6), FED. R. CIV. P., or, in the alternative, for an Order transferring this Action to the U.S. District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1404(a).

In plain violation of the pleading requirements established by the U.S. Supreme Court, Dion's complaint alleges: (i) no facts specific to any one defendant; (ii) no facts identifying what any defendant did that constitutes unfair competition under either federal or state law; (iii) no facts from which a copyright infringement claim can be identified; (iv) no facts supporting the existence of, much less the misappropriation of, any trade secrets; (v) no facts supporting a finding that Allwin breached a contract; (vi) no facts supporting a conversion claim against Allwin. Instead, Dion's complaint offers only the naked legal conclusion that its "intellectual property" has been taken. Dion's

formulaic recitation of labels and conclusions is insufficient to state a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, now that the Dealer Expo has passed, no aspect of this case has any connection with Indiana or this judicial District:

- Plaintiffs are Canadian with no presence in this judicial District;
- Defendant Allwin Powersports, the only U.S. party to the litigation, is an Illinois corporation headquartered in the Northern District of Illinois; and
- The other four Defendants are Chinese.

The factors of the sites of material events, the relative ease of access to sources of proof, the convenience of witnesses and the convenience to the parties in litigating in their respective forums all favor transfer.

In support of this motion, Allwin Powersports submits the accompanying, supporting Memorandum.

Dated: March 22, 2011                                        Respectfully submitted,


/s/ Charles C. Kinne
Charles C. Kinne (*pro hac vice*)
KINNE IP GROUP
1240 Iroquois Avenue, Suite 204
Naperville, Illinois 60563
Telephone: 630.904.0940
Facsimile: 888.887.7158
E-Mail:  ckinne@kinnelaw.com

Kathleen A. DeLaney (#18604-49)
kathleen@delaneylaw.net
Amanda Couture (#24838-53)
acouture@delaneylaw.net
DeLaney & DeLaney LLC

*Attorneys for Defendant Allwin Powersports Corporation, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF ALLWIN POWERSPORT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OR, IN THE ALTERNATIVE, TO TRANSFER ACTION PURSUANT TO 28 U.S.C. § 1404(A)** was served by ECF upon:

Todd A. Richardson
trichardson@lewis-kappes.com
Joseph Peter Rompala
jrompala@lewis-kappes.com
David S. Klinestiver
dklinestiver@lewis-kappes.com
Lewis & Kappes
*Attorneys for Plaintiffs*

this 22nd day of March, 2011.

/s/ Charles C. Kinne
Charles C. Kinne (*pro hac vice*)
KINNE IP GROUP
1240 Iroquois Avenue, Suite 204
Naperville, Illinois 60563
Telephone: 630.904.0940
Facsimile: 888.887.7158
E-Mail:  ckinne@kinnelaw.com